IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VECTURA LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>GLAXOSMITHKLINE, LLC and GLAXO GROUP LIMITED,<br><br>Defendants. | Civil Action No. 16-638-RGA |

MEMORANDUM ORDER

Currently pending before the Court is Defendants' Motion to Strike various portions of Dr. Zhou's Declaration. (D.I. 230). I have reviewed the parties' briefing. (D.I. 231, 247, 251). The parties supplemented their briefing to address a late-filed report by Dr. Zhou. (D.I. 271. 274).

## I. BACKGROUND

Plaintiff asserts claim 3 of U.S. Patent No. 8,303,991 ("the 991 patent") and claim 3 of U.S. Patent No. 8,435,567 ("the '567 patent") (collectively, "the Asserted Claims"). (D.I. 1). The patents-in-suit "relate to pharmaceutical compositions for inhalation and methods of making them." (D.I. 82 at 1). The asserted claims are dependent claims which cover only composite active particles made of an active ingredient and an additive material that includes magnesium stearate. (D.I. 195 at 9). The claims require that the additive material promotes dispersion of the active material for inhalation, and in the case of the '567 patent, delays dissolution of the active material. (*See* D.I. 169 at 2).

On August 10, 2018, the parties made various motions for summary judgment. (D.I. 120, 122, 126). On October 1, 2018, I issued my claim construction opinion, and subsequently, the

1

claim construction order. (D.I. 167; D.I. 169). The parties had exchanged expert reports prior to the opinion, and my constructions of the claim terms differed from that of either party. I then permitted supplemental expert discovery between the parties and amended summary judgment briefing. (D.I. 176). The parties have exchanged supplemental expert discovery and amended their previous summary judgment briefing.

During the amended summary judgment briefing, Plaintiff attached a declaration from its infringement expert, Dr. Zhou, to its opposition brief to Defendants' motion for summary judgment of noninfringement. (D.I. 211). Defendants have filed a motion to strike portions of that declaration as untimely new opinion. (D.I. 230). On March 22, 2019, Plaintiff then filed a sur-reply report from Dr. Zhou. Defendants then filed a letter requesting that the new report be addressed with Dr. Zhou's declaration. (D.I. 271).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." To determine whether a failure to disclose was harmless, courts in the Third Circuit consider the *Pennypack* factors: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the possibility of curing the prejudice; (3) the potential disruption of an orderly and efficient trial; (4) the presence of bad faith or willfulness in failing to disclose the evidence; and (5) the importance of the information withheld. *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904–05 (3d Cir. 1977)). "[T]he exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court

order by the proponent of the evidence." *Id.* The determination of whether to exclude evidence is within the discretion of the district court. *Id.*

## III. DISCUSSION

Defendants move to strike the last sentence of paragraph 14 and paragraphs 15 and 22-27 from Dr. Zhou's Declaration. Defendants assert that Dr. Zhou's declaration introduces new expert opinions and contradicts his prior testimony. (D.I. 231 at 6). More specifically, Defendants assert that the declaration offers new opinions that should have been disclosed in Dr. Zhou's supplemental expert report as the new opinions are supported by evidence that was available to Dr. Zhou at the time of his opening supplemental report. (*Id.*). Plaintiff asserts that Dr. Zhou's declaration does not offer new opinions. (D.I. 247 at 7). In the alternative, Plaintiff argues that to the extent any new opinions were offered, the *Pennypack* factors weigh against exclusion of those opinions. (*Id.* at 11).

**First**, I do not understand the last sentence of paragraph 14 of Dr. Zhou's declaration to offer an improper new opinion. Rather, in paragraph 14, Dr. Zhou reiterates his opinions from his supplemental report "and elaborated on how he had reached that opinion by providing greater detail. . . . [S]uch an elaboration on his prior [report] is appropriate" and should not be stricken. *Dow Chem. Co. v. Nova Chems. Corp. (Canada)*, 2010 WL 2044931, at *2 (D. Del. May 20, 2010).

**Second**, as Defendants do not move to strike paragraphs 16-21, which expand on paragraph 15, I determine that paragraph 15 is not prejudicial to Defendants even if it embodies new opinions. Thus, the first three *Pennypack* factors weigh against exclusion. The fourth *Pennypack* factor also weighs against exclusion as there has been no allegation that Plaintiff acted in bad faith. Finally, I determine that the opinions in paragraph 15 are important rebuttal evidence, and thus, the fifth *Pennypack* factor weighs against exclusion. Therefore, paragraph 15 will not be struck.

3

**Third**, paragraphs 22-27 provide new rebuttal opinions from Dr. Zhou that Defendants argue he should have disclosed in his supplemental report because the information he relied upon was available at that time. (D.I. 231 at 9). As these opinions go beyond mere elaboration, they are untimely opinions under Rule 26.

The first *Pennypack* factor weighs in favor of exclusion. These new opinions were first disclosed when they were filed concurrently with Plaintiff's opposition brief to Defendants' motion for summary judgment. Moreover, to the extent the opinions contradict previous deposition testimony of Dr. Zhou, the surprise to Defendants may be greater than the average untimely disclosure of expert opinion.

However, the second *Pennypack* factor weighs against exclusion. In considering Defendants' motion for summary judgment of noninfringement, I did not rely on the opinions that Defendants had moved to strike.[1] (Hr'g Trans. at 99:2-7.) Therefore, there was no prejudice to Defendants in consideration of the summary judgment motions. There is enough time before trial for Defendants to depose Dr. Zhou on these new opinions and for Dr. Colombo to supplement his expert report.[2]

The third *Pennypack* factor is neutral. Neither party has asserted that the trial would be delayed or disrupted if Dr. Zhou's declaration is allowed to stand or if it is excluded.

The fourth *Pennypack* factor weighs against exclusion. While Defendants argue that Dr. Zhou's declaration violates the scheduling order (D.I. 231 at 5), they do not allege that Plaintiff

---

[1] Defendants moved to strike portions of Dr. Zhou's declaration a mere two days after briefing on the non-infringement motion was complete. (D.I. 224, 230).

[2] While Defendants argue that "the cure is worse than the prejudice" (D.I. 251 at 10), I disagree. Dr. Zhou's declaration was filed over two months before trial and this is not a situation where permitting a supplemental report will "perpetuate a never-ending cycle of reports and counter-reports." *Robocast, Inc. v. Apple, Inc.*, 2013 WL 7118691, at *4 (D. Del. Dec. 3, 2013).

4

acted in bad faith. Additionally, I am not convinced that Dr. Zhou's declaration was "flagrant disregard of a court order" where the scheduling order specifically contemplated the attachment of affidavits to summary judgment motions. (D.I. 27 ¶ 11). *See also B. Braun Melsungen AG v. Terumo Med. Corp.*, 749 F. Supp. 2d 210, 221 (D. Del. 2010). Moreover, Plaintiff argues, "Dr. Zhou could not have included the challenged opinions in his prior reports because his declaration replies to Dr. Colombo's supplemental rebuttal opinions, which Dr. Zhou did not have when he wrote his supplement report." (D.I. 247 at 14). I agree. This also weighs against a determination that Plaintiff operated in bad faith to blindside Defendants at summary judgment.

The fifth *Pennypack* factor also weighs against exclusion. Dr. Zhou's late-in-time disclosures are important to Plaintiff's infringement contentions. Moreover, the opinions offered are directly responsive to assertions of Defendants' expert, Dr. Colombo, in his rebuttal report.

Thus, on balance, the *Pennypack* factors weigh against exclusion of these paragraphs of the declaration.

**Finally**, Dr. Zhou's sur-reply report provides additional new rebuttal opinions to Plaintiff's expert reports. Defendants argue that Plaintiff "has no excuse for [the two-month] delay in disclosing the opinions of its expert." (D.I. 271 at 2). The report is clearly an untimely report under Rule 26(a)(1) and violates the scheduling order in this case. (D.I. 27 ¶ 10).

The first *Pennypack* factor weighs in favor of exclusion. The new report was disclosed only five weeks before trial and there is no indication that Plaintiff informed Defendants that it would seek to file a reply report to the opinions of Defendants' experts that it believed were disclosed for the first time in reply during expert discovery.

5

The second *Pennypack* factor weighs against exclusion. As stated above, there is enough time before trial for Defendants to depose Dr. Zhou on these new opinions and for Dr. Colombo to supplement his expert report.

The third *Pennypack* factor is neutral. Neither party has asserted that the trial would be delayed or disrupted if Dr. Zhou's sur-reply report is allowed to stand or if it is excluded.

The fourth *Pennypack* factor is neutral. Defendants allege that Plaintiff has violated the scheduling order and that it has done so in bad faith by failing to move for leave to file Dr. Zhou's report either shortly after receiving the supplemental rebuttal reports or at the time it filed Dr. Zhou's summary judgment declaration. (D.I. 271 at 2). However, Plaintiff has proffered what it alleges is substantial justification for this delay—Plaintiff's expert needed the time "to analyze and respond to the thirty-three new references that GSK introduced into the case" in its responsive expert reports. (D.I. 274 at 3).

The fifth *Pennypack* factor also weighs against exclusion. Dr. Zhou's late-in-time disclosures are important to Plaintiff's infringement contentions. Moreover, the opinions offered are directly responsive to assertions of Defendants' experts, Dr. Colombo and Dr. Russell, in their supplemental rebuttal reports.

Thus, on balance, the *Pennypack* factors weigh against exclusion of the sur-reply report.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Strike (D.I. 230) is **DENIED** as to both the declaration and his report. Plaintiff shall make Dr. Zhou available promptly for a two hour deposition on his opinions. Plaintiff's expert, Dr. Colombo, may submit a supplemental expert report to reply to Dr. Zhou's newly disclosed opinions.

IT IS SO ORDERED this __1__ of April, 2019.

/s/ Richard G. Andrews
United States District Judge